IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01386-BNB

BURTON SANDLES,

    Applicant,

v.

DENVER DOWNTOWN CORRECTIONAL FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 21 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE PRE-ANSWER RESPONSE

As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed on July 16, 2010, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate. Because Applicant is challenging the validity of a Colorado state conviction and not his current custody in the Denver County Jail, this order will be directed only to the Attorney General of the State of Colorado.

The Attorney General of the State of Colorado is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing whether Applicant is in custody for the purposes of the conviction he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If the Attorney General of the State of Colorado does not

intend to raise either of these affirmative defenses, he must notify the Court of that decision in the Pre-Answer Response. The Attorney General of the State of Colorado may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, the Attorney General of the State of Colorado should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** the Attorney General of the State of Colorado shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if the Attorney General of the State of Colorado does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, he must notify the Court of that decision in the Pre-Answer Response.

DATED July 21, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01386-BNB

Burton Sandles
Prisoner No. 0000632568
Denver County Jail
P.O. Box 1108
Denver, CO 80201

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to John Suthers: AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS FILED 7/16/10 on 7/21/10 .

                                            GREGORY C. LANGHAM, CLERK

                                            By: _____
                                                       Deputy Clerk