IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01386-BNB

BURTON SANDLES,

    Applicant,

v.

DENVER DOWNTOWN CORRECTIONAL FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2010

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

_____

Applicant, Burton Sandles, is an inmate at the Denver County Jail in Denver,

Colorado. This matter is before the Court on the amended application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 filed *pro se* by Mr. Sandles on July 16,

2010 (Doc. #35). Mr. Sandles is challenging the validity of his conviction in Arapahoe

County District Court case number 98CR368.

On July 21, 2010, Magistrate Judge Boyd N. Boland ordered the Attorney

General of the State of Colorado to file a Pre-Answer Response. Magistrate Judge

Boland specifically directed the Attorney General to address whether Mr. Sandles is in

custody for the purposes of the Arapahoe County conviction he is challenging.

Magistrate Judge Boland also directed the Attorney General to address the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if the Attorney General intends to raise

either or both of those affirmative defenses in this action. On August 18, 2010, the

Attorney General filed a Pre-Answer Response. On September 8, 2010, Mr. Sandles filed his reply to the Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Sandles liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

The following facts are based on documentation provided by the Attorney General that Mr. Sandles does not dispute. Mr. Sandles entered a guilty plea to one count of theft on May 28, 1999, and was sentenced to two years of probation. On November 19, 1999, he was ordered to pay restitution. On May 29, 2001, a complaint for revocation of probation was filed. On July 13, 2001, the trial court revoked and reinstated probation for another two-year term. On July 11, 2003, another complaint for revocation of probation was filed. On March 5, 2004, the trial court terminated Mr. Sandles' probation, imposed a civil judgment for $13,068.05 that Mr. Sandles had failed to pay, and ordered him released for time served.

Mr. Sandles has challenged his conviction in state court in three postconviction motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On August 12, 2002, Mr. Sandles filed his first Rule 35(c) seeking to set aside his guilty plea. On June 27, 2005, Mr. Sandles filed another Rule 35(c) motion seeking to set aside his guilty plea. The second Rule 35(c) motion apparently was denied by the trial court on September 7, 2005. On February 17, 2006, Mr. Sandles filed his third Rule

35(c) motion, which was denied by the trial court on April 25, 2006, as time-barred. Mr. Sandles appealed from the denial of the third Rule 35(c) motion and, on March 29, 2007, the Colorado Court of Appeals affirmed the trial court's order denying the third Rule 35(c) motion as time-barred. On July 2, 2007, the Colorado Supreme Court denied Mr. Sandles' petition for writ of certiorari.

The Court received the instant action for filing on June 10, 2010. In the amended application filed on July 16, 2010, Mr. Sandles asserts three claims for relief. He first claims that the attorney who represented him was ineffective, apparently because the attorney insisted that Mr. Sandles plead guilty. Although it is not clear how it relates to his conviction, Mr. Sandles also alleges in support of his first claim that his attorney later was suspended from the practice of law for bribing police officers in an unrelated case. In support of his second claim, which is labeled "Excusable Neglect," Mr. Sandles alleges that the postconviction motion he filed in the trial court in 2002 was denied as untimely even though he could demonstrate excusable neglect for the late filing. Mr. Sandles also alleges in support of his second claim that the 2002 postconviction motion was only four months outside the limitations period and not sixteen months as stated in the trial court's order. Mr. Sandles' third claim is a claim of prosecutorial misconduct. Although not entirely clear, Mr. Sandles apparently alleges in support of his third claim that he was prosecuted as the result of accusations of child molestation made by a woman with whom Mr. Sandles was involved in a dispute regarding custody of their daughter.

Before addressing the issues raised by the Attorney General in the Pre-Answer Response, the Court notes that Mr. Sandles' second claim for relief does not raise a

cognizable federal constitutional issue because it relates only to alleged errors in connection with a state court postconviction motion and not the judgment of conviction which Mr. Sandles is attacking. There is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). As a result, claim two must be dismissed.

The Attorney General argues in the Pre-Answer Response that Mr. Sandles is not in custody for the purposes of the Arapahoe County District Court conviction he is challenging in this action. The Court agrees.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v.*

*Municipal Court*, 411 U.S. 345, 351 (1973).

Mr. Sandles does not allege that he still is serving a sentence as a result of his conviction in Arapahoe County District Court case number 98CR368 or that he otherwise is in custody in any way with respect to that conviction. In fact, Mr. Sandles fails to even address the custody issue. Therefore, the Court finds that Mr. Sandles is not in custody for the purposes of the conviction under attack and the action will be dismissed for that reason.

Even assuming Applicant is in custody for the purposes of the conviction under attack, the Court agrees with the Attorney General that the instant action should be dismissed as both untimely and as procedurally barred. Mr. Sandles also fails to address in his reply to the Pre-Answer Response the Attorney General's arguments that the claims in this action are untimely and procedurally barred.

The one-year limitation period in 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral
review; or

(D)  the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2)  The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

The Attorney General argues that Mr. Sandles' conviction became final in July

1999 when the time to file a direct appeal expired and that the one-year limitation

period expired in July 2000, long before Mr. Sandles filed his first postconviction Rule

35(c) motion in 2002.  The Court agrees.  The one-year limitation period commenced

when Mr. Sandles' conviction became final because he does not allege that he was

prevented by unconstitutional state action from filing this action sooner, he is not

asserting any constitutional rights newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review, and he knew or could have

discovered the factual predicate for his federal constitutional claims before his

conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).  Furthermore, because

the one-year limitation period expired before Mr. Sandles filed any of his state court

postconviction motions, those motions did not toll the one-year limitation period

pursuant to § 2244(d)(2).  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)

(stating that properly filed state court postconviction motions toll the one-year limitation

period only if they are filed within the one-year limitation period).

Even assuming the one-year limitation period had not expired by the time Mr. Sandles filed his third Rule 35(c) motion in February 2006, it certainly expired while that motion was pending in state court. As discussed above, Mr. Sandles' third Rule 35(c) motion was dismissed as untimely. Therefore, the third Rule 35(c) motion would not have tolled the one-year limitation period under § 2244(d)(2) because that motion was not properly filed. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (noting that untimely postconviction motion will not toll the one-year limitation period). In addition, following the conclusion of the state court proceedings relevant to his third Rule 35(c) motion in July 2007, Mr. Sandles waited nearly three years to file the instant action. For all of these reasons, the Court finds that this action is time-barred.

The Attorney General also argues that the instant action must be dismissed because Mr. Sandles' first and third claims are unexhausted and procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or

in a postconviction attack." **Dever**, 36 F.3d at 1534.  Finally, a state prisoner bringing a

federal habeas corpus action bears the burden of showing that he has presented his

claims fairly to the state appellate courts and exhausted all available state remedies.

**See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Sandles does not contend that he has fairly presented any claims to the

highest state court.  As discussed above, Mr. Sandles did not file a direct appeal and,

with respect to his postconviction motions, he only appealed from the denial of the third

Rule 35(c) motion.  Because the third Rule 35(c) motion was denied as untimely, and

that order was affirmed on appeal, Mr. Sandles did not fairly present any of his claims

to the Colorado appellate courts in that proceeding.

Although Mr. Sandles failed to exhaust state remedies for his first and third

claims, the Court may not dismiss those claims for failure to exhaust state remedies if

Mr. Sandles no longer has an adequate and effective state remedy available to him.

**See Castille**, 489 U.S. at 351.  The Court finds that Mr. Sandles no longer has an

adequate and effective state remedy available to him because the state courts already

have determined that the time has expired to file a Rule 35(c) motion.  Therefore, the

Court finds that Mr. Sandles' first and third claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted

in state court on an independent and adequate state procedural ground, unless the

default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice." **Jackson v. Shanks**, 143 F.3d 1313, 1317 (10th Cir. 1998).

Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns. *See **Coleman v. Thompson***, 501 U.S. 722, 730

(1991). Mr. Sandles' *pro se* status does not exempt him from the requirement of

demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See*

***Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Sandles must show that

some objective factor external to the defense impeded his ability to comply with the

state's procedural rule. *See **Murray v. Carrier***, 477 U.S. 478, 488 (1986). "Objective

factors that constitute cause include interference by officials that makes compliance

with the State's procedural rule impracticable, and a showing that the factual or legal

basis for a claim was not reasonably available to [applicant]." ***McCleskey v. Zant***, 499

U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Mr. Sandles fails to demonstrate cause and prejudice for his procedural default

or that a failure to consider his claims will result in a fundamental miscarriage of justice.

As a result, Mr. Sandles' first and third claims also will be dismissed as procedurally

barred.

Finally, although Mr. Sandles does not address any of the issues raised by the

Attorney General in the Pre-Answer Response, he does fault the Attorney General for

failing to address the merits of the claims he is asserting and for failing to address all of

the claims he is asserting. These arguments lack merit. First, the Attorney General

explicitly was directed not to address in the Pre-Answer Response the merits of the

claims being raised. Furthermore, with respect to the additional seven claims Mr.

Sandles contends he has raised in this action, the Court notes that only three claims

are raised in the amended application filed on July 16, 2010, which is the operative

pleading before the Court. Although Mr. Sandles has tendered to the Court a number

of other amended applications in this action, he never sought or received leave of Court

to file an additional amended pleading and he was advised that the Court would not

consider the additional amended applications because he had not sought or obtained

leave to file additional amended pleadings. Therefore, the Court need not address

whatever additional claims Mr. Sandles may have raised in those pleadings.

Furthermore, based on the Court's determinations that Mr. Sandles is not in custody for

the purposes of the conviction he is attacking and that his federal constitutional claims

are both untimely and procedurally barred, the Court finds that any motion to amend

properly would have been denied as futile.

In conclusion, Mr. Sandles' second claim will be dismissed for failure to raise a

federal constitutional claim. Mr. Sandles' remaining claims will be dismissed because

he is not in custody for the purposes of the conviction under attack and because those

claims are both barred by the one-year limitation period and procedurally barred.

Accordingly, it is

ORDERED that Applicant's second claim in the amended application is

dismissed for failure to raise a cognizable federal constitutional issue. It is

FURTHER ORDERED that the amended application is denied and the action is

dismissed because: (1) Applicant is not in custody for the purposes of the conviction he

is attacking; (2) Applicant's first and third claims are barred by the one-year limitation

period in 28 U.S.C. § 2244(d); and (3) Applicant's first and third claims are procedurally

barred. It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __16th__ day of __September__, 2010.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No. 10-cv-01386-BNB

Burton Sandles
Prisoner No. 0000632568
Denver County Jail
P.O. Box 1108
Denver, CO 80201

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on _9|14|10_

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                              Deputy Clerk